## UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
## SOUTHERN DIVISION

| | | |
|---|---|---|
| **JULIET BONHAM,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | Civil Action Number |
| **v.** | ) | **2:18-cv-01201-AKK** |
| | ) | |
| **WAL-MART, INC.,** | ) | |
| | ) | |
| **Defendant.** | ) | |
| | ) | |

## MEMORANDUM OPINION AND ORDER

Juliet Bonham brings this action against Wal-Mart, Inc. for race and gender discrimination in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e *et seq.* as amended ("Title VII"), and 42 U.S.C. §1981 ("Section 1981"). Doc. 1. Bonham alleges that Wal-Mart unlawfully discriminated against her based on her gender and race by terminating her employment. *Id.* Wal-Mart has moved to dismiss the gender discrimination claims, doc. 4, and although this court ordered Bonham to respond, doc. 7, to date, Bonham has not responded. For the reasons stated more fully below, the motion to dismiss Bonham's gender discrimination claims is **GRANTED**.

### I. STANDARD OF REVIEW

Under Federal Rule of Civil Procedure 8(a)(2), a pleading must contain "a short and plain statement of the claim showing that the pleader is entitled to relief."

1

"[T]he pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). Mere "labels and conclusions" or "a formulaic recitation of the elements of a cause of action" are insufficient. *Id*. (citations and internal quotation marks omitted).

Federal Rule of Civil Procedure 12(b)(6) permits dismissal when a complaint fails to state a claim upon which relief can be granted. "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Id*. (citations and internal quotation marks omitted). A complaint states a facially plausible claim for relief "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. (citation omitted). Ultimately, this inquiry is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id*. at 679.

## II. FACTUAL BACKGROUND

Bonham was employed as a sales associate at Wal-Mart in Greenville, Alabama from May 2012 until October 2017. Doc. 1 at 3. The alleged disparate treatment at issue here is related to a gun Bonham sold to a customer. The on-duty

manager, Clifford Kirkwood, approved the sale. *Id*. The customer later returned, complaining that she was sold the wrong gun. *Id*. Subsequently, two African-American, female assistant managers dismissed Bonham from work and told her to return at a later date for a meeting with the store manager. *Id*. Bonham complied, and at that meeting, the store manager, a white male, discharged Bonham. *Id*. Based on Wal-Mart's failure to discipline Kirkwood, a white male, Bonham filed a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC"). *Id*. at 3-5; ex. A. After receiving a Dismissal and Notice of Rights letter from the EEOC, Bonham filed this lawsuit. *Id*. at 4, 5; ex. B.

## III. ANALYSIS

This court construes Bonham's failure to respond to Wal-Mart's motion to dismiss as a failure to prosecute her suit. *See State Exchange Bank v. Hartline*, 693 F.2d 1350, 1352 (11th Cir. 1982) (citing Fed. R. Civ. P. 41) ("The Federal Rules expressly authorize a district court to dismiss a claim . . . for failure to prosecute or obey a court order . . ."). Thus, Wal-Mart's motion is due to be granted on this basis alone. Alternatively, however, this motion is due to be granted because Bonham failed to satisfy Title VII's exhaustion requirement and because gender discrimination is not cognizable under Section 1981.

## A. Title VII Gender Discrimination Claim

Title VII requires a potential plaintiff to exhaust her administrative remedies before filing an employment discrimination suit. *Wilkerson v. Grinnell Corp.*, 270 F.3d 1314, 1317 (11th Cir. 2001). Accordingly, the plaintiff's subsequent judicial complaint is "limited by the scope of the EEOC investigation which can reasonably be expected to grow out of the charge of discrimination." *Gregory v. Georgia Dep't of Human Resources*, 355 F.3d 1277, 1280 (11th Cir. 2004) (quotations and citation omitted); *see Chanda v. Engelhard/ICC*, 234 F.3d 1219, 1225 (11th Cir. 2000) (finding that a national origin discrimination claim was barred where plaintiff only alleged disability discrimination and retaliation in his EEOC charge).

Based on the content of Bonham's EEOC charge, a reasonable EEOC investigation would not encompass gender discrimination. Bonham's EEOC charge alleged only that she was "discriminated and retaliated against due to [her] race," and Bonham only checked the box for discrimination based on race. Doc. 1, ex. A. Although the EEOC charge mentioned the race and gender of Bonham's supervisors and co-workers, it did not include Bonham's gender, stating merely, "I am a Black/African-American individual." *Id*. On these facts, Bonham's gender discrimination claim appears outside the reasonable investigative scope of her EEOC charge. *See Anderson v. Dunbar Armored, Inc.*, 678 F. Supp. 2d 1280,

1304-05 (N.D. Ga. 2009) (finding that the plaintiff's race discrimination claims were barred because "nothing in her EEOC charge [alleging gender/pregnancy discrimination] suggests that she sought to complain about any type of racial discrimination"); *Prieto v. City of Miami Beach*, 190 F. Supp. 2d 1340, 1343 n.2 (S.D. Fla. 2002) (finding that gender discrimination claim was barred because the EEOC letter stated plaintiff had only alleged race and national origin discrimination).

### B. Section 1981 Gender Discrimination Claim

A plaintiff cannot maintain a gender discrimination claim under Section 1981. *See*, *e.g.*, *Little v. United Technologies, Carrier Transicold Div.*, 103 F.3d 956, 960-61 (11th Cir. 1997); *Anjelino v. New York Times Co.*, 200 F.3d 73, 98 (3d Cir. 1999) ("[C]ourts have concluded that sex-based claims are not cognizable under 42 U.S.C. § 1981."); *Bobo v. ITT, Cont'l Baking Co.*, 662 F.2d 340, 343 (5th Cir. 1981) ("The drafters of s 1981 [sic] had no intention to disturb public or private authority to discriminate against women."). Thus, Bonham's gender discrimination under Section 1981 must be dismissed.

### IV. CONCLUSION

For the reasons stated above, Bonham has failed to state gender discrimination claims upon which relief can be granted. Thus, Bonham's gender discrimination claims under Title VII and Section 1981 are **DISMISSED WITH**

**PREJUDICE** for failure to satisfy Title VII's exhaustion requirement, and because Section 1981 provides no relief for gender discrimination. Bonham may proceed on her remaining race discrimination claims.

    **DONE** the 10th day of October, 2018.

_____
**ABDUL K. KALLON**
UNITED STATES DISTRICT JUDGE
